IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE ROLAND, ET AL.                                                                                           PLAINTIFFS

VS.                                                                           CIVIL ACTION NO. 3:15-cv-4-CWR-FKB

CITY OF MERIDIAN, MISSISSIPPI, ET AL.                                                               DEFENDANTS

REPORT AND RECOMMENDATION

On January 5, 2015, Plaintiffs Willie Roland and Shuntay Roland, on their own behalf and on behalf of minor children S.J.R., S.D.R., and F.D.R., filed a complaint [1] in this court, identifying the following defendants: City of Meridian, Mississippi; Don Hopkins; Dean Harper; and John Does 1-10. [1] at 1-2. With the docket reflecting no issuance and no service of a summons upon any defendant, the court entered a show cause order [2] on November 25, 2015, ordering Plaintiffs to show cause in writing, by December 9, 2015, as to why the action should not be dismissed for failure to effect timely service and failure to prosecute. Plaintiffs failed to respond to the court's show cause order.

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant. . . . But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Even where "good cause is lacking, the court has discretionary power to extend the time for service [when] warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Newby v. Enron Corp.*, No. 06-20658, 2008

WL 2605118, at *2 (5th Cir. July 2, 2008) (quoting Fed. R. Civ. P. (4) advisory committee's note (1993)).  Rule 41 of the Federal Rules of Civil Procedure provides that an action or claim may be dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

In accordance with Rule 4(m), the court's show cause order gave Plaintiffs notice that if they could not show good cause for their failure to serve process upon the defendants, the action may be dismissed.  Plaintiffs failed to respond or otherwise show cause.  Further, the undersigned finds no reason in this matter for the court to exercise its discretionary power to extend the time for service in the absence of good cause.  Moreover, Plaintiffs have taken no steps to further this litigation since the filing of the complaint and have failed to comply with the court's show cause order.  Accordingly, the undersigned recommends that this case be dismissed without prejudice for failure to timely serve the purported defendants and for failure to prosecute.

Plaintiffs are referred to Rule 72(b) of the Federal Rules of Civil Procedure for the appropriate procedure in the event they desire to file objections to these findings and recommendations.  Plaintiffs are further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar them, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 12th day of February, 2016.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE